{¶ 19} I respectfully dissent.
 {¶ 20} The trial court did not err in not finding appellant unemployed or underemployed because neither the magistrate nor trial judge imputed income to appellant. In fact, the court specifically found that appellant was unable to work. Furthermore, the court only attributed $45,368 as appellant's income on the child support computation worksheet, which amounted to $8,536.00 of annual child support. The court then deviated from the standard amount of child support based on that income by adding $6,525 annually for a total support obligation of $15,061. The court found that the deviation was necessary pursuant to R.C.3119.23 due to four factors: 1) the special needs of one child; 2) relative financial and other resources and assets of each parent; 3) the standard of living if the parties had been married; and 4) disparity of income.
 {¶ 21} This child support work sheet was attached to the trial court's order and incorporated therein. Consequently, it is not a matter of simply finding appellant voluntarily un/underemployed. The court cannot make that determination since it has already determined that appellant is unable to work. The court is not imputing income. It is only attempting to provide for the "best interests" of appellant's children based on his assets and their needs. In the interim, appellant has elected to place over $2,000,000.00 in a pass book savings account earning only 2% interest. In an eight-month period in 2004, he spent $400,000.00 of principal in buying several automobile and recreational vehicles. In the meantime, his children rely on government subsidized day care. I would affirm.